UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RHYEA MALIK,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, et al.,<br><br>Defendants. | CASE NO. C26-1879JLR<br><br>ORDER |

## I. INTRODUCTION

Before the court is *pro se* Plaintiff Rhyea Malik's motion for a temporary restraining order ("TRO"), preliminary injunction, and/or preliminary relief. (TRO Mot. (Dkt. # 5); Supp. (Dkt. # 12); Reply (Dkt. # 13, Ex. 1).[1]) Ms. Malik asks the court to

[1] The court grants Ms. Malik's request for leave to file a reply in support of her TRO Motion. (*See* Mot. for Leave (Dkt. # 13) at 1.)

order the Government[2] to adjudicate her Form I-765 Application for Employment Authorization and Form I-131 Application for Travel Document by no later than June 29, 2026. (*See generally* TRO Mot.) The Government opposes the motion. (Resp. (Dkt. # 10); Supp. Resp. (Dkt. # 15).) The court has considered the parties' submissions, the relevant portions of the record, and the governing law. Being fully advised, the court DENIES Ms. Malik's TRO motion.

## II. BACKGROUND

Ms. Malik is a citizen of India and a resident of Redmond, Washington. (Compl. (Dkt. # 1) ¶ 8.) She is currently employed as Corporate Counsel by Amazon.com Services LLC ("Amazon") and is authorized to work in the United States pursuant to an H-1B nonimmigrant visa which expires on June 29, 2026. (*Id.* ¶¶ 15, 18.) Ms. Malik has reached the six-year statutory maximum for an H-1B visa, and no further extensions of this status are available to her. (*Id.* ¶ 18.)

Ms. Malik submitted her Forms I-765 and I-131 to USCIS on February 26, 2026, concurrently with a Form I-485 Application to Register Permanent Residence or Adjust Status and a Form I-526E Immigrant Petition by Regional Center Investor. (*Id.* ¶ 21; *see id.*, Ex. 9 (receipt notices).) Ms. Malik asserts that on April 23, 2026, she contacted USCIS to request expedited processing of her Form I-765 in light of the impending expiration of her H-1B work authorization, but USCIS informed her that applications

[2] Defendants are United States Citizenship and Immigration Services ("USCIS"), United States Department of Homeland Security Secretary Markwayne Mullin, USCIS Director Joseph B. Edlow, and Director of the USCIS Field Office Linda Dougherty (together, the "Government"). (Compl. (Dkt. # 1) ¶¶ 9-12.)

could not be expedited without completed biometrics. (*Id.* ¶ 24.) On May 8, 2026, Ms. Malik submitted a formal request for expedited processing on two grounds: (1) an "urgent humanitarian emergency arising from the terminal illness of [her] grandmother requiring immediate international travel" and (2) "imminent severe financial loss" arising from the expiration of her work authorization. (*Id.* ¶ 28; s*ee also id.* ¶ 45 (asserting that if her work authorization is not extended, she will face "unpaid work authorization suspension followed by termination of employment" pursuant to Amazon policy).) USCIS acknowledged receipt of the request by email, stating that it would respond to "urgent situation[s]" by phone or email within 72 hours. (*Id.* ¶ 29, Ex. 10 (response to expedite inquiry).)

When Ms. Malik did not hear from USCIS within 72 hours, she contacted the USCIS Contact Center about her request. (*Id.* ¶ 30.) On May 18, 2026, USCIS responded, stating that the USCIS Contact Center "has a response time goal of 10 days based on your issue." (*Id.* ¶ 31, Ex. 11 (confirmation email).) Ms. Malik also contacted her Congressional representative for assistance, but USCIS did not respond to her representative's inquiries. (*Id.* ¶¶ 33-35; *id.*, Exs. 12-13 (correspondence).)

Ms. Malik filed this action on June 1, 2026, and then filed this TRO motion on June 8, 2026. (*See* Compl.; TRO Mot.) On June 9, 2026, USCIS notified Ms. Malik that her May 8, 2026 expedite request "meets the minimum criteria for your expedite request to be forwarded to the office with jurisdiction over your case," referred the matter to the California Service Center, and advised Ms. Malik to "allow the USCIS office 30 days to contact you through email." (Supp. ¶ 1; *see id.*, Ex. A (email from USCIS).) On June 10,

2026, the California Service Center denied Ms. Malik's request for expedited processing of her Forms I-765 and I-131, stating that her "case does not meet one or more of the expedite criteria or otherwise merit[] expedited processing." (*Id.* ¶ 2; *see id.*, Ex. B (denial emails).)

Ms. Malik asserts that if USCIS does not adjudicate her Forms I-765 and I-131 before her H-1B status expires on June 29, 2026, she will suffer irreparable harm in two ways. First, Ms. Malik argues that without an approved Form I-131 travel document, she will be unable to visit her dying grandmother, who resides in India. (*See* Compl. ¶¶ 37-41.) Ms. Malik represents that her grandmother's physician "specifically recommended [Ms. Malik's] immediate presence as the designated family member for: (a) management of the patient's psychological distress; and (b) service as surrogate decision-maker for complex palliative care transitions during the terminal phase." (*Id.* ¶ 39; *see id.*, Ex. 14 (physician letter).) Ms. Malik cannot, however, leave the United States without abandoning her pending application for permanent residence unless she has an approved Form I-131. (*Id.* ¶ 40.) Second, Ms. Malik asserts that she faces severe financial loss absent an approved I-765 work authorization. (*See id.* ¶¶ 42-54.) She represents that without work authorization, she faces placement on unpaid work authorization suspension and loss of employment benefits, followed by termination of her employment at Amazon. (*Id.* ¶ 45.) She also represents that if USCIS does not approve her I-765, she will lose the opportunity to accept a prestigious job offer at Google LLC having total annual compensation of nearly $600,000. (*Id.* ¶ 46.) She fears that without

work authorization, her professional standing and her family's financial stability are at risk. (*See id.* ¶ 48 (listing the anticipated effects of the loss of work authorization).)

## III. ANALYSIS

Ms. Malik asks the court to compel the Government to adjudicate her Forms I-765 and I-131 before her employment authorization expires on June 29, 2026. (*See generally* TRO Mot.) The Government opposes the motion, asserting that (1) the court lacks jurisdiction to consider Ms. Malik's pace-of-adjudication claim and (2) Ms. Malik cannot show that USCIS has unreasonably delayed the adjudication of her applications for immigration benefits. (*See* Resp. at 4.) For the reasons set forth below, the court concludes that (1) it has jurisdiction over Ms. Malik's pace-of-adjudication claim, but (2) Ms. Malik has not shown that she is likely to succeed on that claim. As a result, the court denies Ms. Malik's motion for a temporary restraining order.

### A. Standard of Review

A district court may grant temporary injunctive relief pursuant to Federal Rule of Civil Procedure 65. *See* Fed. R. Civ. P. 65(b). "[T]he legal standards applicable to TROs and preliminary injunctions are substantially identical." *Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017) (internal quotation marks and citation omitted). A plaintiff seeking preliminary injunctive relief must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The first factor is the most important. *Garcia v. Google, Inc.*, 786 F.3d 733, 740

(9th Cir. 2015) (en banc) (citation omitted). Because Ms. Malik asks the court to compel the Government to take the affirmative action of adjudicating her pending immigration applications, she seeks a "mandatory injunction" that "orders a responsible party to 'take action.'" *Id.* (quoting *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009)). As a result, her burden to satisfy the first factor is "doubly demanding[.]" *Id.* A district court should deny a motion for a mandatory injunction "'unless the facts and law clearly favor the moving party.'" *Id.* (quoting *Stanley v. Univ. of S. California*, 13 F.3d 1313, 1320 (9th Cir. 1994))).

The Administrative Procedure Act ("APA") requires an administrative agency to adjudicate "a matter presented to it" within a "reasonable time[.]" 5 U.S.C. § 555(b). Where an agency fails to do so, a "reviewing court shall [ ] compel agency action unlawfully withheld or unreasonably delayed[.]" 5 U.S.C. § 706(1). However, "[a] court can compel agency action under [5 U.S.C. § 706(1)] only if there is 'a specific, unequivocal command' placed on the agency to take a 'discrete agency action,' and the agency has failed to take that action." *Vietnam Veterans of Am. v. Cent. Intel. Agency*, 811 F.3d 1068, 1075 (9th Cir. 2016) (quoting *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 63-64 (2004)). Under the Mandamus Act, a district court may "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. To obtain mandamus relief, the plaintiff must satisfy three elements: "(1) the plaintiff's claim is clear and certain; (2) the defendant official's duty is ministerial and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available." *Johnson v. Reilly*, 349 F.3d 1149, 1154 (9th Cir. 2003) (citation

omitted, cleaned up). Where, as here, claims under the APA and the Mandamus Act are based on the same assertion of unreasonable agency delay, the two claims may be treated together because they seek essentially the same relief. *See Agua Caliente Tribe of Cupeno Indians of Pala Rsrv. v. Sweeney*, 932 F.3d 1207, 1216 (9th Cir. 2019).

**B. The court has jurisdiction over Ms. Malik's pace-of-adjudication claim**

The Government asserts that the court lacks subject matter jurisdiction over Ms. Malik's claim because (1) the adjudication of Ms. Malik's immigration applications is "solely in USCIS's discretion and review [is] precluded by 8 U.S.C. [§] 1252(a)(2)(B)(ii);" (2) Ms. Malik "cannot identify a clear statutory mandate that requires USCIS to make a travel or employment authorization decision within a fixed time;" and, as a result, (3) Ms. Malik "lacks Article III standing because her alleged harm is not redressable by the [c]ourt." (Resp. at 5.) The court disagrees.

The Government relies primarily on *Khachutorov v. Britten*, 792 F. Supp. 3d 1106, 1112 (C.D. Cal. 2025), for the proposition that district courts lack jurisdiction to consider pace-of-adjudication claims brought under the APA and the Mandamus Act. (*See* Resp. at 5-8.) The court, however, disagrees with *Khachutorov*'s reasoning and declines to follow it. Instead, the court agrees with and adopts the reasoning of more recent cases that conclude that pace-of-adjudication claims are reviewable. *See, e.g.*, *Varniab v. Edlow*, No. 25-cv-10602-SVK, 2026 WL 485490, at *5-11 (N.D. Cal. Feb. 20, 2026) (addressing the same arguments the Government raises here and concluding that the court had subject matter jurisdiction over plaintiffs' challenge to a USCIS policy placing adjudication of their Forms I-765 and I-485 on indefinite hold); *see id.* at *8

("[T]he majority of district courts in the Ninth Circuit have refused to follow . . . cases that have concluded that the pace of adjudication is discretionary and thus not subject to judicial review, instead holding that the [G]overnment has a non-discretionary duty to adjudicate petitions for adjustment of status within a reasonable period of time and that courts have jurisdiction to review the Government's failure to do so.") (citations omitted, cleaned up); *see also Gao v Mullin*, No. 25-cv-01479-SVK, 2026 WL 948665, at *4-5 (N.D. Cal. Apr. 8, 2026) (expressly rejecting *Khachutorov*'s reasoning and concluding that the court had subject matter jurisdiction over a claim that USCIS unreasonably delayed the adjudication of the plaintiff's Form I-485). Accordingly, the court concludes that it has jurisdiction to consider Ms. Malik's pace-of-adjudication claim.[3]

**C. Ms. Malik has not demonstrated unreasonable delay warranting the issuance of a TRO.**

To determine whether an agency's delay is unreasonable under the APA, courts apply the six-factor test set forth in *Telecommunications Research & Action Center v. F.C.C.* ("*TRAC*"), 750 F.2d 70 (D.C. Cir. 1984) (the "*TRAC* factors"). *Vaz v. Neal*, 33 F.4th 1131, 1137 (9th Cir. 2022) (citing *TRAC*, 750 F.2d at 79-80). These factors are:

> (1) the time agencies take to make decisions must be governed by a "rule of reason[";]

[3] The court, however, lacks jurisdiction to review the Government's denial of Ms. Malik's requests to expedite the adjudication of her Forms I-765 and I-131 because the decision whether to expedite processing is discretionary. *See* 8 U.S.C. § 1252(a)(2)(B)(ii) (stripping district courts of jurisdiction to review denials of discretionary relief); (*see also* Waldrop Decl. (Dkt. # 16) ¶ 2, Ex. A (excerpt of the USCIS Policy Manual) at 1 ("USCIS may expedite adjudication of an application . . . at its discretion."); Reply at 2 (acknowledging that § 1252(a)(2)(B)(ii) "strips review of discretionary decisions").)

> (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;
>
> (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;
>
> (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;
>
> (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and
>
> (6) the court need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is 'unreasonably delayed.'"

*Id.* (quoting *TRAC*, 750 F.2d at 80).

The first factor considers "whether the time for agency action has been reasonable." *Id.* at 1138 (quoting *In re Nat. Res. Def. Council, Inc.*, 956 F.3d 1134, 1139 (9th Cir. 2020)). It is the "most important" factor, "though it, like the others, is not itself determinative." *Id.* (quoting *In re A Cmty. Voice*, 878 F.3d 779, 786 (9th Cir. 2017)). The Government asserts that its "rule-of-reason for adjudication of I-131s and I-765s is first-in, first-out." (Resp. at 10 (citing *Sepulveda Ayala v. Noem*, No. C25-5185JNW, 2025 WL 1616075 (W.D. Wash. June 5, 2025) ("Courts consistently find that this 'first in, first out' policy for processing U-visa petitions provides an adequate rule of reason").) USCIS's current processing time for Form I-131 applications for travel documents is approximately 22 months. *See* USCIS, Case Processing Times, https://egov.uscis.gov/processing-times (select "I-131", "Advance Parole", and "Service Center Operations") (last visited June 15, 2026). Its current processing time for Form I-765 employment authorization applications is approximately 11 months. *See id.* (select "I-765", "Based on a pending I-485 adjustment application", and "Service Center

Operations") (last visited June 15, 2026). Ms. Malik, however, submitted her Forms I-765 and I-131 less than four months ago, on February 26, 2026. (*See* Compl. ¶ 21; *id.*, Ex. 9.) In light of USCIS's first-in, first-out policy and its published adjudication timelines, the court cannot conclude that USCIS's failure to adjudicate Ms. Malik's applications within less than four months is unreasonable. Therefore, this factor favors the Government.

The second factor considers whether Congress has provided a timetable for the agency to make its decision. Neither party has directed the court to a statute setting forth a deadline for USCIS to adjudicate Forms I-765 and I-131. (*See generally* TRO Mot.; Resp.; Reply.) Therefore, the second factor also favors the Government.

"The third and fifth factors overlap, requiring the court to consider whether human health and welfare are at stake, and the nature and extent of the interests prejudiced by the delay." *Islam v. Heinauer*, 32 F. Supp. 3d 1063, 1073 (N.D. Cal. 2014) (citation omitted). Here, Ms. Malik asserts that absent approval of her applications, she "faces the loss of her legal capacity to work with cascading non-discretionary financial consequences and the loss of the opportunity to be present for a dying grandmother during a critical end-of-life window[.]" (TRO Mot. at 8.) She argues that the Government's delay in adjudicating her applications prejudices her interests in being present with her terminally-ill grandmother, in maintaining continuous employment, in being able to accept the Google employment offer, and in her long-term financial security. (*Id.* at 9.) The Government concedes that these factors weigh at least

"modestly" in Ms. Malik's favor. (Resp. at 12.) The court concludes that the third and fifth factors weigh in favor of Ms. Malik.

Under the fourth factor, the court considers "whether compelling the agency to act would detract from its higher or competing priorities[.]" *Vaz*, 33 F.4th at 1138. Agencies have limited resources, and requiring an agency to adjudicate a particular application out of order could interfere with the agency's "discretion in prioritizing its activities and allocating its resources." *Id.* (citation omitted); *see also Varol v. Radel*, 420 F. Supp. 3d 1089, 1098 (S.D. Cal. 2019) (concluding that the fourth *TRAC* factor favored the Government because "granting relief to the [p]laintiff simply moves her to the front of the line at the expense of all other applicants who may not have filed an application for mandamus relief"). Accordingly, the fourth factor weighs in favor of the Government.

Finally, with respect to the sixth factor, Ms. Malik asserts that "the agency's pattern of refusing to lodge an expedite request due to 'missing' biometrics that the agency itself failed to schedule, followed by the breach of multiple self-imposed 'urgent' response deadlines, establishes a demonstrable breakdown in administrative process that necessitates judicial intervention." (TRO Mot. at 9.) As the Government points out, however, Ms. Malik's Forms I-765 and I-131 have been pending for far less time than the 11-month and 22-month processing times set forth on USCIS's website. (*See* Resp. at 13.) The court does not find evidence of impropriety on this record. Accordingly, the sixth factor also weighs in favor of the Government.

In sum, four of the six *TRAC* factors, including the critical first factor, favor the Government. The court concludes, therefore, that Ms. Malik has failed to show that "the

facts and law clearly favor" her motion. *Garcia*, 786 F.3d at 740. As a result, although the court is sympathetic to Ms. Malik's predicament, it must deny her motion for a temporary restraining order compelling the Government to adjudicate her pending Forms I-765 and I-131.

## IV. CONCLUSION

For the foregoing reasons, the court DENIES Ms. Malik's TRO Motion (Dkt. # 5).

Dated this 15th day of June, 2026.

JAMES L. ROBART
United States District Judge