UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RHYEA MALIK,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, et al.,<br><br>Defendants. | CASE NO. C26-1879JLR<br><br>ORDER |

Before the court is Plaintiff Rhyea Malik's unopposed motion to seal certain documents. (Mot. to Seal (Dkt. # 21).) The court GRANTS the motion in part and DENIES it in part.

"There is a strong presumption of public access to the court's files." Local Rules W.D. Wash. LCR 5(g). The public's "right of access, however, is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003); *see also Kamakana v. City &*

*Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (holding that a party must show "compelling reasons" to keep a document under seal). "Compelling reasons sufficient to outweigh the public's interest in disclosure exist when court records might become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Demaree v. Pederson*, 887 F.3d 870, 884 (9th Cir. 2018) (internal brackets and quotation marks omitted) (quoting *Kamakana*, 447 F.3d at 1179). To overcome the presumption of public access, a party must file a motion that includes:

> A specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of:
>
> i. the legitimate private or public interests that warrant the relief sought;
>
> ii. the injury that will result if the relief sought is not granted; and
>
> iii. why a less restrictive alternative to the relief sought is not sufficient.

Local Rules W.D. Wash. LCR 5(g)(3)(B)(i)-(iii).

Here, Ms. Malik asks the court to seal in their entirety eight documents and their exhibits: her complaint (Dkt. # 1), the briefing on her motion for a temporary restraining order (Dkt. ## 5, 10, 11-13), the Government's motion to dismiss (Dkt. # 18), and her amended complaint (Dkt. # 19). (*See* Mot. to Seal at 3.) Ms. Malik argues that legitimate private interests warrant sealing these documents because she failed to redact personal identifiers in accordance with Local Civil Rule 5.2(a),[1] and because the record includes

[1] Local Civil Rule 5.2(a) requires parties to redact the following personal identifiers from documents filed with the court: dates of birth, names of minor children, Social Security numbers, taxpayer identification numbers, financial accounting information, passport numbers, and driver

immigration filings and notices related to her husband, who is not a party to this action. (*See id.* at 2.) She does not, however, specify which documents or portions thereof she or the Government should have redacted. (*See generally id.*) With regard to the injury that would result if the court does not seal these documents, Ms. Malik argues that "the docket assembles the identity, date of birth, address, immigration file numbers, employment history, and financial account records" of herself and her husband, and that public access to this information "can be material to identify theft and financial fraud." (*Id.* at 2.) Ms. Malik does not address why a less restrictive alternative to sealing these documents is not sufficient. (*See generally id.*); *see* Local Rules W.D. Wash. LCR 5(g)(3)(B)(iii); *see also id.* LCR 5(g)(1) ("A party must explore all alternatives to filing a document under seal.").

Having reviewed the documents Ms. Malik seeks to seal, the court GRANTS in part and DENIES in part the motion to seal (Dkt. # 21). The court concludes that Ms. Malik has not shown compelling reasons to seal the complaint (Dkt. # 1), the motion for temporary restraining order (Dkt. # 5), the response to the motion for temporary restraining order (Dkt. # 10), the version of the notice of supplemental developments that does not include exhibits (Dkt. # 11), the reply in support of the motion for temporary restraining order (Dkt. # 13), the motion to dismiss (Dkt. # 18), and the amended complaint (Dkt. # 19 at 1-16). None of these documents contain the types of personal

---

license numbers. Local Rules W.D. Wash. LCR 5.2(a); *see also* Fed. R. Civ. P. 5.2(a) (requiring redaction of social security numbers, taxpayer identification numbers, birthdates, the names of minor children, and financial account numbers).

identifiers listed in Local Civil Rule 5.2(a), nor do they contain scandalous or libelous statements that would justify placing them under seal. *See* Local Rules W.D. Wash. LCR 5.2(a); *Demaree*, 887 F.3d at 884. Instead, they contain the types of information typical for immigration mandamus cases like Ms. Malik's case.

The following documents, however, warrant sealing because they contain personally identifying information: the exhibits to Ms. Malik's complaint (Dkt. # 1-1), the exhibits to her motion for temporary restraining order (Dkt. # 5-1), the version of the notice of supplemental developments that includes exhibits (Dkt. # 12), and the exhibits to Ms. Malik's amended complaint (Dkt. # 19 at 17-73). Therefore, the court DIRECTS the Clerk to place these documents under seal. Because Ms. Malik filed the exhibits to the amended complaint in the same document as the complaint itself, the court DIRECTS the Clerk to place Dkt. # 19 under seal and ORDERS Ms. Malik to file, by no later than **September 15, 2026**, a copy of the amended complaint that does not include the exhibits.

Dated this 8th day of September, 2026.

JAMES L. ROBART
United States District Judge